UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TANYA L. CHAMBERLAIN,

        **Plaintiff,**

      **v.**                        **Case No.: 2:15-CV-1335**
                                    **JUDGE SMITH**
                                    **Magistrate Judge King**

**CARDINAL HEALTH,** *et al.*,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court upon the partial Motion to Dismiss of Defendants, Jansen Plesich and Raul Amado (Doc. 8).  Plaintiff opposed Defendants' Motion to Dismiss (Doc. 22) and Defendants replied in support (Doc. 23).  Also pending is Plaintiff's Motion for Default Judgment against all Defendants (Doc. 10).  Defendants filed a memorandum in opposition (Doc. 12) and Plaintiff replied in support of her motion (Doc. 17).  Finally, Plaintiff's Motion for Sanctions/Hearing is also ripe for review (Doc. 25).  Defendants filed a response in opposition to Plaintiff's Motion for Sanctions/Hearing (Doc. 26) and Plaintiff replied in support (Doc. 28).  All of the motions are ripe for review.  For the following reasons, Plaintiff's Motion for Default is **DENIED**, Defendants Amado and Plesich's Motion to Dismiss is **GRANTED**, and Plaintiff's Motion for Sanctions/Hearing is **DENIED**.

## I.    BACKGROUND

This case arises from the former employment relationship between Tanya Chamberlain ("Plaintiff") and Defendant, Cardinal Health 200 LLC. ("Cardinal"). (Doc. 3, Compl. at 2). Plaintiff began working at Cardinal in 2006 and resigned in 2013.  (*Id.*).  She worked as an

Inventory Operation Analyst along with twelve other Caucasian individuals in what she referred to as the "Replenishment Team." (*Id.*; Doc. 25, Mot. Sanctions at Ex. 2, Pl.'s Email to Cardinal). She alleges that each of the Caucasian employees was promoted but she never received a promotion. (Doc. 3, Compl. at 2). Her manager at Cardinal was Defendant Jason Plesich ("Plesich"), and her Director was Defendant Raul Amado ("Amado"). (*Id.*). Plaintiff's specific instances of alleged discrimination are numerous and cover multiple years, but they are not at issue for the pending motions. (*See generally, id.* at 2–3). Plaintiff filed a charge with the EEOC and received a right to sue letter dated January 27, 2015. (*Id.* at 5).

Relevant to these motions are the service history in this case. Plaintiff, proceeding *pro se*, successfully served the Complaint and a summons upon the Defendants on April 22, 2015, with answers or other responsive pleadings due on May 13, 2015. On May 12, 2015, Cardinal filed the Answer to the Complaint and Amado and Plesich filed the Motion to Dismiss. Defendants allege they served a copy of both responsive pleadings on Plaintiff via regular mail at that time. Plaintiff, however, had not received a copy of either by May 13, 2015, and thus, filed her Motion for Default Judgment on May 19, 2015. Plaintiff ultimately received a copy of the Answer on June 22, 2015, but it is unclear when she received a copy of the Motion to Dismiss.

## II.    DISCUSSION

Plaintiff filed a Motion for Default Judgment against all Defendants arguing she did not receive the Answer and the Motion to Dismiss in time under Rule 12(a). Next, Amado and Plesich moved to dismiss this case, arguing Title VII provides no recourse against non-employer individuals. Last, Plaintiff filed a Motion for Sanctions/Hearing concerning difficulties between the parties during discovery. The Court will address each motion in turn.

### A.      Motion for Default Judgment

Plaintiff moves for a default judgment against all Defendants because she alleges they failed to serve her with Cardinal Health's Answer or Amado and Plesich's Motion to Dismiss with the time period allotted by Rule 12(a) of the Federal Rules of Civil Procedure. Plaintiff alleges she did not receive the Answer or Motion to Dismiss until June 22. Defendants argue simply that both the Motion to Dismiss and the Answer were filed prior to the deadline and were served on Plaintiff at that time.

First, the Court notes Plaintiff did not move for an entry of default pursuant to Fed. R. Civ. P. 55(a) prior to moving for a default judgment. "In order to obtain a default judgment under Rule 55(b)(2), there must first be an entry of default as provided by Rule 55(a)." *Brantley v. Runyon*, No. C-1-96-842, 1997 WL 373739, at *1 (S.D. Ohio June 19, 1997) (Spiegel, J.); *see also*, *Rose v. Elias*, No. 2:07-cv-1096, 2008 WL 341993 at *1 (S.D. Ohio Feb. 7, 2008) (Frost, J.). Even if Plaintiff's Motion for Default had merit, it would be denied based on her failure to obtain an entry of default.

The Court also notes that a granting of default would not be proper in this case even if Plaintiff had properly obtained an entry of default. Under Local Rule 5.1(d), the Court has authorized that "electronic transmission of a document to the ECF system, together with transmission of a Notice of Electronic Filing from the court constitutes filing of the document for all purposes under the Federal Rules of Civil Procedure and the Local Rules of this Court." However, Defendants are required to serve a physical copy on Plaintiff as she does not participate in the Court's electronic filing system. *Shoemake v. Mansfield City Sch.*, No. 1:13CV2505, 2015 WL 687860, at *2 (N.D. Ohio Feb. 13, 2015).

Yet, Defendants' failure to serve a physical copy of the Answer and Motion to Dismiss on the Plaintiff does not warrant a finding of default in this case. *Britford v. Collins*, No. 2:07-

CV-0306, 2007 WL 4371670, at *1 (S.D. Ohio Dec. 4, 2007) (Kemp, M.J.) (finding default improper where the defendants electronically filed their answers but failed to serve a hard copy on a pro se plaintiff).  "In determining whether to set aside an entry of default or to grant a default judgment, the court must balance three factors: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether the culpable conduct of the defendant led to the default." *Jackson v. Hamilton Cnty. Cmty. Mental Health Bd.*, 174 F.R.D. 394, 395 (S.D. Ohio 1997) (Spiegel, J.).

"Regarding the first prong of the test, mere delay is insufficient to establish prejudice. Rather, prejudice from delay occurs where it is shown that discovery will be more difficult or that evidence would be lost." *Id.* (internal citations omitted).  The Court finds there will be no prejudice to the Plaintiff as Plaintiff has alleged no prejudice and discovery has progressed as scheduled.

Regarding the second factor, "[t]he key consideration is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* (internal quotations omitted).  The Court finds that Amado and Plesich have alleged a significant meritorious defense in the Motion to Dismiss—that Title VII provides no cause of action against individual, non-employer defendants.  (Doc. 8, Mot. Dismiss at 2).  Cardinal also provides meritorious defenses in its Answer.  Plaintiff alleges she was discriminated against by Cardinal, but the Cardinal Answer provides numerous defenses to Plaintiff's allegations.  Namely, that the alleged discriminatory decision was merit-based.  (Doc. 6, Answer at ¶ 13).  Thus, the second factor also weighs in favor of Defendants.

Last, the third factor requires conduct that displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.*

(internal quotations omitted).  This factor also weighs against a default judgment because Defendants did in fact file their answer in a timely fashion with the Court.  Although Plaintiff did not receive the Answer or Motion to Dismiss until later, there is no proof Defendants withheld the Answer or Motion to Dismiss to "thwart judicial proceedings."  Ultimately, the filing of the Answer and the Motion to Dismiss demonstrates an intention to defend an action sufficient to defeat a motion for default.  Accordingly, Plaintiff's Motion for Default Judgment is **DENIED**.

**B.     Motion to Dismiss**

Amado and Plesich move to dismiss Plaintiff's claims against them, arguing that Title VII does not provide for a cause of action against individual employees of a plaintiff's employer, even if the individual defendants have supervisory or management positions.  Plaintiff argues that both 18 U.S.C. § 1983 and the Fair Labor Standards Law hold individual managers liable for the violation of employment laws.

Amado and Plesich bring this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff failed to state a claim upon which relief can be granted.  Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief.  Fed. R. Civ. P. 8(a)(2).  To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A*shcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Sixth Circuit Court of Appeals has repeatedly held that, "[a]n individual cannot be held personally liable for violations of Title VII."  *Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012) (citing *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)); *see also Colston*

*v. Cleveland Pub. Library*, 522 F. App'x 332, 336 (6th Cir. 2013) (finding no individual liability under Title VII); *Garcia v. Daimler Chrysler Corp.*, 320 F. App'x 356, 363-64 (6th Cir. 2009) (same). Plaintiff's claims in this case fall under Title VII making her references to § 1983 and the Fair Labor Standards Act unavailing. Accordingly, Amado and Plesich's Motion to Dismiss is **GRANTED**. Amado and Plesich are dismissed from this action.

## C.     Motion for Sanctions and Hearing

Plaintiff also moves for sanctions against Cardinal for discovery misconduct pursuant to Rule 26(g)(3) of the Federal Rules of Civil Procedure. Plaintiff alleges that Cardinal has repeatedly made false statements regarding the existence of an "Inventory Replenishment department." (Doc. 25, Mot. Sanctions at Ex. 1, Cardinal's Interrog. Resp. at ¶¶ 4, 6, and 7). Cardinal argues that the two parties have exchanged hundreds of emails regarding discovery and that Cardinal has provided more information than Plaintiff asked for, rather than less as Plaintiff alleges. Cardinal also argues an Inventory Replenishment Department or team does not exist as a separate entity or subgroup within the Inventory Management Department but admits there are individuals within the Inventory Management Department who do replenishment work.

Plaintiff has provided the Court with at least one email stating that she needed answers to questions, "#4, #6, and #7 for the **Inventory Management Team** for Branded Product under Raul Amado." (Doc. 25, Mot. Sanctions at Ex. 2, Pl.'s Email to Cardinal) (emphasis added). Plaintiff also provided what appears to be a LinkedIn printout of Defendant Plesich's page indicating that his title is "Manager, Inventory Management – Replenishment." (*Id.* at Ex. 3, Plesich LinkedIn Prof.). Last, Plaintiff apparently assumed the identity of a person named "Lynette" in order to contact Cardinal Health directly without speaking to Cardinal's counsel. (*See* Doc. 28-1, Pl. Emails to Cardinal). "Lynette" first says she is looking for the "Inventory Replenishment team." (*Id.* at 1). She stated she needed "to know who my Analyst that handles

Smiths [sic]." (*Id.* at 1–2).  Erik Helland responds and indicates he is "the MRP controller who currently has ownership over SMITHS MEDICAL ASD INC." (*Id.* at 3).  Mr. Helland's listed title is "Analyst, Inventory Management."  Lynette answered, asking "If I have any replenishment questions, would I contact you?" (*Id.*).  Mr. Helland responded that he would be the person who handles replenishment questions. (*Id.* at 4).

The Court finds that sanctions are in no way appropriate in this case as Plaintiff has still provided no evidence that an Inventory Replenishment department exists as a separate and distinct unit within the Inventory Management Department.  Plaintiff's first email regarding her discovery requests directed to Cardinal's counsel actually appears to clarify that she wants information for the Inventory Management Team, not the Inventory Replenishment Department. (*See* Doc. 25, Mot. Sanctions at Ex. 2, Pl.'s Email to Cardinal).  Plaintiff's other two pieces of evidence provide what Cardinal has already admitted—that certain individuals within the Inventory Management Department perform replenishment work.  Even if the exhibits did show otherwise, an unauthenticated and undated LinkedIn page purporting to show Plesich's title is in no way dispositive of the organizational structure of Cardinal.  (*Id.* at Ex. 3, Plesich LinkedIn Prof.).

Second, Plaintiff's email exchange with Mr. Helland is wholly inappropriate behavior.  The Court relaxes the rules of Civil Procedure for *pro se* plaintiffs but will not allow Plaintiff to skirt the discovery process to try to catch Cardinal in an alleged lie.  Regardless of how Plaintiff obtained the information, it contains nothing proving that Cardinal has a standalone subgroup or department called the Inventory Replenishment Department or team as Plaintiff alleges.  In fact, it does the opposite.  Mr. Helland's title does not mention replenishment, yet he still told "Lynette" that he was the contact person for replenishment questions.  Accordingly, Plaintiff's

Motion for Sanctions is **DENIED**. Last, Plaintiff moved for a hearing to address the alleged falsification. Based on the Court's denial of Plaintiff's Motion for Sanctions, the Court finds the Motion for a Hearing moot and therefore, **DENIED**.

### III. CONCLUSION

Based on the foregoing, Jansen Plesich and Paul Amado's Motion to Dismiss is **GRANTED**. Plaintiff's Motion for Default Judgment is **DENIED**. Plaintiff's Motion for Sanctions is **DENIED**. The Clerk shall **REMOVE** Documents 8, 10, and 25 from the Court's pending motions list. The Court notes the parties have a status conference scheduled in front of Judge King on December 10, 2015. The Status Conference remains in effect. With the foregoing motions resolved, the parties are directed to discuss a second mediation at the Status Conference.

**IT IS SO ORDERED.**

**_/s/ George C. Smith_**
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**
